AO 472 (Rev. 09/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 22-CR-60242-SINGHAL/DAMIAN |
| TSVIA KOL ) | |
| *Defendants.* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II – Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III – Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong

☒ Subject to lengthy period of incarceration if convicted

☐ Prior criminal history

☐ Participation in criminal activity while on probation, parole, or supervision

☐ History of violence or use of weapons

☒ History of alcohol or substance abuse

☒ Lack of stable employment

☐ Lack of stable residence

☐ Lack of financially responsible sureties

☐ Lack of significant community or family ties to this district

☒ Significant family or other ties outside the United States

      ☒ Subject to removal or deportation after serving any period of incarceration

      ☐ Prior failure to appear in court as ordered

      ☐ Prior attempt(s) to evade law enforcement

      ☐ Use of alias(es) or false documents

      ☐ Background information unknown or unverified

      ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On December 2, 2022, the Court held a pretrial detention hearing at which the government proffered the following evidence:

In early November 2020, law enforcement in the Southern District of Florida seized a package and conducted a dog sniff of that package. The dog gave a positive alert for narcotics. Law enforcement then obtained a search warrant for the package and found inside approximately 1,321 grams of 93% pure methamphetamine. Law enforcement thereafter attempted a controlled delivery of the package after replacing the methamphetamine with sham drugs. The courier who picked up the package told law enforcement officers that she was merely the courier for the package, that she was supposed to deliver to an Israeli woman known as "Sapir Kol," The courier then called the Defendant, who told the courier not to open the box and instructed her to deliver the package to her at a location in Hallandale Beach.

Law enforcement surveillance thereafter witnessed the courier hand the package to the Defendant, who then placed the package on the driver's seat of her car. After law enforcement arrested her, the Defendant signed a written Miranda waiver and consents to search her car, phone, and residence, and she stated that she had more drugs at her home. During the interview, the Defendant admitted to knowing the package contained three pounds of methamphetamine and gave additional details about her involvement with drug traffickers from Sinaloa, Mexico.

Inside her residence, law enforcement found an additional 500 grams of methamphetamine in several baggies, pipes, and scales out in the open throughout the house. They also found dozens of fentanyl pills weighing approximately 58 grams in an open safe inside the single bedroom, as well as other drugs consistent with personal use, including several oxycodone pills, a bag of mushrooms, and three MDMA pills scattered throughout the apartment.

Law enforcement decided not to arrest the Defendant, due to the scarcity of grand juries during the pandemic, and to instead enlist her as an informal cooperator (without a written cooperation agreement). Law enforcement directed the Defendant to stop all drug trafficking activities unless pre-approved by them. In July 2021, after being advised of her *Miranda* rights, the Defendant confessed to helping pick up and move a package containing 15 pounds of methamphetamine. That interview was recorded. Thereafter, law enforcement cut off all contact with the Defendant.

The Defendant is a 33-year-old permanent resident of the United States, and an Israeli citizen. She has lived in South Florida since about 2008. She possesses an Israeli passport and last traveled to Israel in 2019. Her father and two siblings reside in Israel and her mother and boyfriend reside in South Florida. The Defendant is unemployed, and she has minimal assets. It appears that the Defendant has a

long-standing and serious dependency on methamphetamine. Despite having been apprehended by law enforcement and having been released on the condition of her honest cooperation with the government, it appears that the Defendant breached that agreement some months after her initial arrest, when she participated in the receipt and distribution of 15 lbs. of methamphetamine. There is considerable evidence that the Defendant is guilty of the offense charged, and if the Defendant is found guilty of that charge, the advisory Sentencing Guidelines will call for a substantial period of incarceration. It is the policy of Israel to not extradite its own citizens. All of these factors establish a powerful incentive for the Defendant to leave this jurisdiction, and an opportunity for her to relocate to Israel beyond the reach of United States law enforcement.

For these reasons, and others stated at the detention hearing which are incorporated into this Order, the Court finds that no condition or combination of conditions will reasonably assure the Court that Defendant Tsvia Kol will appear before this Court if released on a bond.

### Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: December 6, 2022

Chris McAliley
United States Magistrate Judge